RAMIRO MORALES, # 7101
MORALES FIERRO & REEVES
725 S. Eighth St., Ste. B
Las Vegas, NV 89101
Tel: (702) 699-7822
Fax: (702) 699-9455

Attorneys for Defendants EMPIRE FIRE & MARINE INS. CO.,
ZURICH AMERICAN INS. CO. & CRUISE AMERICA INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH OLSEN<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER FISHER, ET AL<br><br>Defendants. | CASE NO.: 3:12-cv-00080-RCJ-WGL<br><br>**DEFENDANTS EMPIRE FIRE & MARINE INS. CO. & ZURICH AMERICAN INS. CO'S ANSWER TO AMENDED COMPLAINT** |

**ANSWER TO AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Defendants EMPIRE FIRE & MARINE INS. CO. and ZURICH AMERICAN INS. CO.. (hereinafter collectively "Defendants") answer the Amended Complaint of Deborah Olsen ("Plaintiff") as follows:

**PARTIES**

1. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the allegations contained in paragraph 1 and, on that basis, deny the same.

2. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the allegations contained in paragraph 2 and, on that basis, deny the same.

3. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the allegations contained in paragraph 3 and, on that basis, deny the same.

4. Defendants admit that Cruise America, Inc. ("Cruise") is a California corporation

with its principle place of business in the State of California.

5. Defendants admit that Empire Fire & Marine Insurance Company ("Empire") is a Nebraska corporation with its principal place of business in the State of Illinois and that it is licensed to transact business under the laws of the State of California.

6. Defendants admit that Zurich American Insurance Company ("Zurich") is an Illinois corporation with its principal place of business in the State of Illinois and that it is licensed to transact business under the laws of the State of California.

## GENERAL ALLEGATIONS

7. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the allegations contained in paragraph 7 and, on that basis, deny the same.

8. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the allegations contained in paragraph 8 and, on that basis, deny the same.

9. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the allegations contained in paragraph 9 and, on that basis, deny the same.

10. Defendants admit the allegations contained in paragraph 10.

11. Defendants admit that Empire issued a policy of rental auto liability insurance to Cruise. Defendants admit that Empire and Zurich are related organizations. Defendants deny the truth of the remaining allegations contained in paragraph 11.

12. Defendants admit that Empire issued a policy of rental auto liability insurance to Cruise. Defendants admit that Empire and Zurich are related organizations. Defendants deny the truth of the remaining allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants admit that Empire denied Plaintiff's claim. Defendants deny the truth of the remaining allegations contained in paragraph 14.

15. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the allegations contained in paragraph 15 and, on that basis, deny the same.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief Against all Defendants)**

16. Defendants incorporate by reference its answers to paragraphs 1 through 15 as though fully set forth herein.

17. Defendants deny all the allegations in paragraph 17.

18. Defendants deny that they need to ascertain their legal rights and duties with respect to Plaintiff's claims. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the remaining allegations contained in paragraph 18 and, on that basis, deny the same.

19. Defendants deny that Empire and Zurich are contractually obligated to satisfy Plaintiff's judgment. Defendants deny that a justiciable controversy exists between Plaintiff and the Defendants. Defendants lack sufficient knowledge and/or information to confirm or deny the truth of the remaining allegations contained in paragraph 19 and, on that basis, deny the same.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CAUSE OF ACTION)**

The Amended Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**
**(INSURING AGREEMENT)**

The Amended Complaint, and each purported cause of action asserted therein, fails to identify any claims or damages alleged in the underlying action that establishes a potential for coverage under Defendants' alleged insurance contracts as those claims and damages do not fall within the scope of the insuring agreement as provided in those contracts.

**THIRD AFFIRMATIVE DEFENSE**
**(NO ACT OR OMISSION OF DEFENDANTS)**

The Amended Complaint, and each purported cause of action asserted therein, fails to establish a potential for coverage for the claims and damages at issue in the alleged underling

action because none of the damages alleged in that action were caused by an act or omission on the part of Defendants.

**FOURTH AFFIRMATIVE DEFENSE**
**(FAILURE TO PERFORM OBLIGATIONS AND/OR CONDITIONS)**

Plaintiff's claims are barred, in whole or in part, because the alleged insureds failed to perform all of the conditions and/or obligations required under the terms of Defendants' alleged insurance contracts.

**FIFTH AFFIRMATIVE DEFENSE**
**(EXCLUDED CLAIM)**

The Amended Complaint, and each purported cause of action asserted therein, fails to establish a potential for coverage for the claims and damages at issue in the alleged underlying actions because said claims and damages fall within the purview of one or more exclusions in the alleged insurance contracts.

**SIXTH AFFIRMATIVE DEFENSE**
**(PRE-TENDER EXPENSES)**

Plaintiff is not entitled to recover any damages arising from obligations, expenses, attorney fees or costs incurred prior to the date the alleged underlying actions were tendered to Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**
**(REASONABLE AND NECESSARY COSTS)**

Defendants are not liable under their alleged insurance contracts for any fees or costs that were not reasonably and necessarily incurred in defense of the alleged underlying action.

**EIGHTH AFFIRMATIVE DEFENSE**
**(NO COVERAGE FOR NON INSURED)**

Plaintiff's claims are barred, in whole or in part, to the extent they arise out of claims against any person or entity not an insured under any alleged insurance contract issued by Defendants.

///

///

**NINTH AFFIRMATIVE DEFENSE**
**(PLAINTIFF NOT PARTY TO INSURANCE CONTRACT)**

To the extent Plaintiff and/or the alleged insureds are not parties to Defendants' alleged insurance contacts, they are not entitled to any benefits from Defendants.

**TENTH AFFIRMATIVE DEFENSE**
**(VOLUNTARY PAYMENTS)**

To the extent Plaintiff promises to pay or has paid, or has consented to payment, in the underlying action of any amounts for matters not encompassed within Defendants' policies, or for which consent has not been obtained from Defendants, the voluntary payments provisions of the insurance contracts preclude coverage.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(EXHAUSTION OF IMPAIRMENTS OF LIMITS)**

Plaintiff's claims are barred, in whole or in part, to the extent that the limits of Defendants' alleged insurance contracts have been exhausted or impaired.

**TWELVTH AFFIRMATIVE DEFENSE**
**(PAYMENT OF DEDUCTIBLES AND SELF-INSURED RETENTIONS)**

To the extent that applicable deductibles and self-insured retentions have not been paid, Defendants' alleged insurance contracts may not apply.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(FAILURE OF CONSIDERATION)**

Plaintiff's Amended Complaint fails for a failure of consideration.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(LACK OF PRIVITY)**

Plaintiff's claims are barred by lack of privity.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(WAIVER)**

As a result of its conduct, acts and omissions, Plaintiff has waived the right to assert any claims against Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(ESTOPPEL)**

As a result of her conduct, acts and omissions, Plaintiff is estopped from asserting any claims against Defendants.

**SEVENTEETH AFFIRMATIVE DEFENSE**
**(UNCERTAINTY)**

Each and every cause of action set forth in the Amended Complaint is uncertain.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(UNCLEAN HANDS)**

Any recovery on the Amended Complaint, or any cause of action alleged therein, is barred on the grounds that Plaintiff has unclean hands with respect to the matters alleged in the Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(NO COVERAGE FOR UNDERLYING ACTION UNDER EMPIRE POLICY)**

Plaintiff's claims are barred, in whole or in part, to the extent they seek recovery under the insurance policies issued by Empire Fire & Marine Ins. Co. to Cruise America Inc. as those policies do not provide coverage for the underlying action that Plaintiff filed against Defendants Fisher and Nudel.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(NO COVERAGE FOR FISHER AND NUDEL UNDER FIRE POLICY)**

Plaintiff's claims are barred, in whole or in part, to the extent they seek recovery from Defendants Fisher and Nudel under the insurance policies issued by Empire Fire & Marine Ins. Co. to Cruise America Inc. as those policies do not provide coverage for Defendants Fisher and Nudel.

///

///

///

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(NO COVERAGE BECAUSE OF NON PERMISSIVE DRIVER)**

Plaintiff's claims are barred, in whole or in part, because, at the time of the accident at issue in the underlying action, the insured automobile was being operated by a non-permissive user which constituted a direct violation of a condition of coverage as stated in the policy.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(BREACH OF LEGAL ACTION AGAINST US PROVISION)**

Plaintiff's claims are barred, in whole or in part, because the insured failed to comply with the Legal Action Against Us provision of the policy.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(BREACH OF RENTAL AGREEMENT)**

Plaintiff's claims are barred, in whole or in part, because the insured failed to comply with the terms and conditions of the Rental Agreement under which he obtained the covered auto.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(IMPROPER SERVICE OF SUMMONS)**

Plaintiff's claims are barred, in whole or in part, because she failed to properly serve Defendants with the Summons.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(INSUFFICIENT SERVICE OF PROCESS)**

Plaintiff's claims are barred, in whole or in part, because of insufficient service and insufficient service of process.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(COMPARATIVE/CONTRIBUTORY LIABILITY)**

Any loss, damage, and/or injury, if any, of Plaintiff, was proximately caused and/or contributed to by acts or omissions of Plaintiff, her agents or representatives, which must be compared to that of Defendants, if any, and/or others.

///

///

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(MITIGATION)**

Plaintiff failed to mitigate her damages, if any.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(LACHES)**

The Amended Complaint is barred by the doctrine of laches.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(OTHER INSURANCE)**

Plaintiff's right to recovery, if any, is limited in part or in whole by the existence of other available insurance policies.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(ALLOCATION)**

If it is determined that Defendants have any insuring obligation whatsoever to Plaintiff or the insured, Plaintiff's right to recover under such obligation is limited by and subject to the proper allocation to the appropriate periods of any payments made or to be made by third parties, by Defendants, and by all other insurers, including third-party and first party insurance, from which Plaintiff may be entitled to defense and/or indemnification.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(UNDISCOVERED DEFENSES)**

Defendants state that they currently have insufficient knowledge on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve herein their right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**PRAYER FOR RELIEF**

Wherefore Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of the Amended Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff;
3. That Defendants recover their costs incurred in defense of this matter as well as

reasonable attorneys' fees incurred; and

4. For such other and further relief as the Court may deem just and proper.

DATED: February 16, 2012 MORALES FIERRO & REEVES

By: *_____/s/ Ramiro Morales_____*
Ramiro Morales
Attorneys for Defendants
EMPIRE FIRE & MARINE INS. CO.,
ZURICH AMERICAN INS. CO. & CRUISE AMERICA INC.

## CERTIFICATE OF SERVICE

On February 16, 2012, I caused to be served the document(s) described as:

- Defendants Empire Fire & Marine Ins. Co., Zurich American Ins. Co. Answer to Amended Complaint

on the interested party(ies) in this action

☒ **BY ELECTRONIC SUBMISSION VIA CM/ECF:** I caused the docs listed above to be electronically served on designated recipients through CM/ECF.

Upon:

Mark C. Wenzel
BRADLEY DRENDEL & JEANNEY
P.O. Box 1987
Reno, NV 89505

**Attorneys for Plaintiff Deborah Olsen**

Executed on: February 16, 2012

[signature]

Valerie Hurt, An Employee of
MORALES FIERRO & REEVES