**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEBORAH OLSEN,  )
            )
    Plaintiff,  )
            )
  v.  )  3:12-cv-80-RCJ-WGC
            )
            )  **ORDER**
ALEXANDER FISHER, et al.,  )
            )
    Defendants.  )
            )
_____ )

    Currently before the Court is a motion to dismiss (#16) for failure to state a claim filed by Defendant Cruise America, Inc. For the following reasons, the Court denies the motion to dismiss (#16).

**BACKGROUND**

    On September 6, 2010, Plaintiff Deborah Olsen's vehicle was struck by an RV driven by Alexander Fisher while stopped on West Williams Avenue in Fallon, Nevada. (Second Am. Compl. (#13) at 2). The RV was rented from Cruise America, Inc. by Yakov Nudel. (*Id.*). Cruise America had an auto insurance policy covering the RV with Empire Fire & Marine Insurance Company ("Empire"), which was underwritten by Zurich American Insurance Company ("Zurich"). (*Id.* at 3). Both Empire and Zurich denied coverage under the policy and refused to indemnify and defend Fisher and Nudel. (*Id.*). A default judgment was later entered by the Third Judicial District Court of the State of Nevada against Fisher and Nudel on August 9, 2011 in the amount of $125,802.80. (Default Judgment (#13-1)).

    Olsen then filed a complaint and later a first amended complaint in Nevada state court

against Fisher, Nudel, Cruise America, Empire, and Zurich.[1]  (First Am. Compl. (#2-1) at 1). The first amended complaint advanced a single cause of action for declaratory relief pursuant to NRS § 30.010 et seq., seeking a declaration on the parties' respective rights and obligations and for a judgment declaring that Empire and Zurich had a duty to defend and indemnify Fisher and Nudel. (*Id.* at 3-4). This action was then removed to this Court on February 9, 2012. (Pet. for Removal (#2)).

Cruise America did not believe it was sufficiently implicated in the first amended complaint and after consulting with Plaintiff the two parties entered into a stipulation in which Plaintiff agreed to file a second amended complaint to rectify the perceived error. (Stipulation (#11); Order (#12); Mot. to Dismiss (#16-1) at 2). Olsen filed a second amended complaint on March 30, 2012 against Fisher, Nudel, Cruise America, Empire, and Zurich. (Second Am. Compl. (#13) at 1). The second amended complaint again contains only a single cause of action for declaratory relief pursuant to NRS § 30.010 et seq., requesting this Court to declare the rights and obligations of the parties under the insurance policy and to declare that Empire and Zurich have a duty to defend and indemnify Fisher and Nudel. (*Id.* at 3-4). The only apparent changes made in the second amended complaint are additional allegations that Cruise America had an obligation to insure the vehicle, that it breached this duty by failing to adequately insure the vehicle, and that this breach resulted in damages to Plaintiff. (Second Am. Compl. (#13) at 2-3).

Cruise America filed a motion to dismiss the second amended complaint for failure to state a claim on April 13, 2012. (Mot. to Dismiss (#16)).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

---

[1] The original complaint was not provided to this Court upon removal.

Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

## DISCUSSION

The only cause of action contained in the second amended complaint is a claim for declaratory relief pursuant to NRS § 30.010 et seq. Cruise America contends that because no relief is being sought against it under the single cause of action for declaratory relief, Plaintiff has not stated a claim upon which relief may be granted. (Mot. to Dismiss (#16-1) at 4).

The Uniform Declaratory Judgments Act contained in NRS §§ 30.010 through 30.160 permits a court "to declare rights, status and other legal relations whether or not further relief is or could be claimed." NEV. REV. STAT. § 30.030. Pursuant to NRS § 30.130, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." In her claim for declaratory relief, Plaintiff alleges that a controversy exists between the parties regarding their rights and liabilities under the auto insurance policy and requests that this Court declare their respective rights and obligations under the policy. Cruise America is the holder of the policy and a party to the insurance contract, and thus has an interest which may be affected by a declaration of this Court

regarding the rights and obligations of the parties under the contract.  NRS § 30.130 accordingly requires that Cruise America be made a party to this action.  Plaintiffs have therefore properly stated a claim against Cruise America and Cruise America's motion to dismiss is consequently denied.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Cruise America's motion to dismiss (#16) is DENIED.

DATED: This 3rd day of August, 2012.

_____
United States District Judge